**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIOW-HUEY CHANG, | No. 16-17163 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02502-RMW |
| v. | |
| COUNTY OF SANTA CLARA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: HAWKINS and TALLMAN, Circuit Judges, and JACK,** District Judge.

This appeal arises from a lawsuit by Shiow–Huey Chang ("Chang") against

the County of Santa Clara ("the County") and Deputies Daniel Forest and Rachel

Strickland ("the Deputies") of the Santa Clara County Sheriff's Office (the

"Sheriff's Office"), in their individual and official capacities, for the Deputies' use

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

of excessive force during a traffic stop. A unanimous jury found in favor of Chang on all of her claims. The District Court for the Northern District of California granted the County's renewed motion for judgment as a matter of law as to Chang's *Monell* claim, leaving stand the jury's findings as to Chang's claims against the Deputies in their individual capacities. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The district court reduced Chang's attorneys' fees award accordingly. Chang appeals the judgment as a matter of law on her *Monell* claim and the reduction of her requested attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1. Chang argues the district court erred when it partially set aside the unanimous jury verdict in her favor, entering judgment on the verdict against the Deputies but judgment as a matter of law in favor of the County.[1] After the traffic stop, Chang made a verbal complaint[2] to Sergeant David Roberts of the Sheriff's Office's Internal Affairs Office ("Internal Affairs"). On July 29, 2015, Chang received a letter from the Sheriff's Office stating "[t]he complaint you lodged with this office has been investigated. It has been determined that the proper findings in

---

[1]    The district court denied Deputy Strickland's renewed motion for judgment as a matter of law. The jury verdict as to Deputy Forest was not contested. Neither verdict against the Deputies is challenged in this appeal.

[2]    Documentation of the complaint does not appear in the record. Therefore, it is unclear as to the substance of this complaint.

this matter were:  Exonerated."  The Internal Affairs letter was the only evidence presented at trial to establish ratification under *Monell*.  Since there was no evidence presented at trial as to the nature of what Chang said in her initial complaint, judgment on the *Monell* claim was appropriate.  *Cf. Larez v. City of L.A.*, 946 F.2d 630, 645–48 (9th Cir. 1991); *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1534–35 (9th Cir. 1995).

2.  Chang further argued the district court erred in excluding evidence of prior lawsuits against the Deputies.  The district court properly determined that the facts underlying the prior lawsuits were not sufficiently similar to the present case and that the lawsuit against Deputy Forest, occurring seven years earlier, was too remote in time.  *See Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000).  Therefore, the district court's decision to exclude the evidence was not an abuse of discretion.  *See id.*

3.  Finally, Chang argued the district court erred in reducing her attorneys' fee award.  The district court calculated a lodestar amount of $435,825.54 and then found an attorneys' fee award of $350,000 was appropriate.[3]  *See Kelly v. Wengler*, 822 F.3d 1085, 1099–1100 (9th Cir. 2016).  First, Chang argued the district court erroneously reduced her fee award based on Chang's lack of success, primarily the

---

[3]    The parties did not dispute Chang was the prevailing party in the litigation. *See Fox v. Vice*, 563 U.S. 826, 834 (2011) ("[P]laintiffs may receive fees under [42 U.S.C.] § 1988 even if they are not victorious on every claim.").

failure of her *Monell* claim. As discussed above, the district court did not err in granting the County judgment as a matter of law on Chang's *Monell* claim. Additionally, the district court properly considered the $40,000 in damages recovered, the fact that Chang's attorneys hoped to uncover a widespread problem of excessive force within the Sheriff's Office, and the public benefit of the suit. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209–10 (9th Cir. 2013).

Second, Chang argued the district court erred by basing its further reduction on factors already subsumed in the lodestar calculation. However, the district court only analyzed the case's lack of complexity in its calculation of the lodestar amount, not in the section of its opinion analyzing "other factors." Therefore, the district court was merely summarizing all of the reductions it made to the fee award, rather than double-counting the complexity factor. *See Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 487 (9th Cir. 1989); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). The district court did not err in reducing the attorneys' fee award.

Costs are awarded to Appellees. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**

4